**MAINTENANCE
ENGINEERS, Appellant,**

v.

**The UNITED STATES, Appellee.**

**Appeal No. 84–1247.**

United States Court of Appeals,
Federal Circuit.

Dec. 10, 1984.

---

**17.** *See Skidmore v. Baltimore & O.R. Co.,* 167 F.2d at 66; *See also* Ropski, *supra* note 7, at 678.

Roger K. Stewart, Fresno, Cal., submitted for appellant.

Richard K. Willard, Acting Asst. Atty. Gen., David M. Cohen, Director, Sandra P. Spooner, and Helene M. Goldberg, Washington, D.C., submitted for appellee.

Before BALDWIN, Circuit Judge, SKELTON, Senior Circuit Judge, and JACK R. MILLER, Circuit Judge.

JACK R. MILLER, Circuit Judge.

This appeal is from that portion of the decision of the Armed Services Board of Contract Appeals ("board"), *Maintenance Engineers*, ASBCA No. 25,464, 84–1 BCA ¶ 17,100 (1983), denying appellant addition-

al compensation (under its contract with the Department of the Navy for maintenance of family housing facilities at Naval installations in the San Diego, California, area) for an alleged breach by the Government in conducting a voluntary self-help program under which tenants residing in the facilities performed minor maintenance (e.g., painting) on their housing units.[1]

The "BIDDING INFORMATION" issued with the Invitation For Bids states *inter alia:*

20. OPEN END CONTRACT. This is an "open end" contract with no fixed contract price. The actual amount of work to be performed and the time of such performance will be determined by the Officer in Charge or his properly authorized representative, who will issue written work orders to the Contractor. The only work authorized under this contract is that which is performed upon receipt of such a work order. The Government makes no representation as to the number of work orders or actual amount of services which will in fact be requested, nor is the Government obligated to accept any specified amount of service. However, during the term of this contract [12 months], a minimum of 40% of the dollar value [$471,000] of Bid Item No. 1 worth of services will be ordered. Amount of work to be ordered shall not exceed maximum of 100% over Bid Item 1.[2]

The General Provisions of the contract include a standard clause 45, "REQUIREMENTS," which provides, *inter alia:*

(a) This is a requirements contract for the supplies or services specified in the Schedule ....

(b) Except as otherwise provided in this contract, the Government shall order

1. Not appealed is a portion of the board's decision that, to the extent Government employees of the Public Works Center performed maintenance covered by the contract, the contract was partially terminated for convenience of the Government and that appellant was entitled to recover its costs, plus profit thereon, pursuant to the Termination for Convenience of the Government clause. (The board found that the Government had not acted in bad faith and, consequently, found no breach by the Govern-

ment.) Prior to award of the involved contract, maintenance of family housing had been performed by Government employees of the Public Works Center. The self-help program also pre-existed award of the contract.

2. Over the life of the contract, appellant was paid approximately $323,000—some $134,600 in excess of the minimum 40% of $471,000, or $188,400.

from the Contractor all the supplies or services set forth in the Schedule which are *required to be purchased* by the Government activity identified in the "Orders" clause. [Emphasis added.]

The SPECIAL PARAGRAPHS portion of the contract provides:

12. ORDER OF PRECEDENCE: In the event of an inconsistency between the provisions of this solicitation, the inconsistency shall be resolved by giving precedence in the following order: (a) the Schedule ...; (b) Terms and Conditions of the solicitation, if any; (c) General Provisions; (d) other provisions of the contract, when attached ...; and (e) the Specifications and sketches.

....

26. WORK BY OTHERS: The Government reserves the right to accomplish work within the scope of this contract by Government forces or by another separate contract at the discretion of the Officer in Charge. This will apply on circumstances involving enormous magnitude of work that is beyond the capability of the Contractor to accomplish ... within the time frame favorable to the Government.

To the extent that there may be an inconsistency between the "WORK BY OTHERS" provision and the "OPEN END CONTRACT" provision, quoted earlier, the latter prevails under the contract's "ORDER OF PRECEDENCE" clause.

Notwithstanding clause 45 of the General Provisions, the Contracting Officer correctly determined that the contract is not a requirements-type contract, which is one in which the purchaser agrees to buy *all* of its needs for specified goods or services from a particular supplier, and the supplier agrees to fill all of such needs during the period of the contract. *Mason v. United States,* 615 F.2d 1343, 1346, 1349, 222 Ct.Cl. 436, *cert. denied,* 449 U.S. 830, 101

S.Ct. 98, 66 L.Ed.2d 35 (1980). We conclude, as did the Contracting Officer, that this is an indefinite quantities contract[3] under which the legal obligation of the Government was to order a minimum value of maintenance services during the life of the contract while retaining the right to obtain additional such services from any source it chose.

This legal obligation of the Government was to order 40% of $471,000, or $188,400, of maintenance services from appellant. Thus, the $188,400 of services was the amount *required to be purchased.* The difference between the $471,000 maximum that could be ordered and the $188,400 required to be purchased, or $282,600, was not required to be purchased from appellant (or from anyone else). *Compare Ralph Construction, Inc. v. United States,* 4 Cl.Ct. 727 (1984). As noted earlier, the Government's orders from appellant amounted to approximately $134,600 in excess of the minimum required to be purchased.

In view of the foregoing, the board's decision is affirmed.[4]

AFFIRMED.

---

3. Determination of the type of contract is a matter of law—not controlled by a label in the contract. 41 U.S.C. § 609(b) (1982); *see Torncello v. United States,* 681 F.2d 756, 760, 231 Ct.Cl. 20 (1982).

4. Under our analysis, it is unnecessary to decide the correctness of the board's holding that the self-help program embraced tasks not required *per se* to be purchased.