935 F.2d 281
 37 Cont.Cas.Fed. (CCH) 76,156
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
CROWN LAUNDRY & DRY CLEANERS, INC., Appellant,
v.
The UNITED STATES, Appellee.
 No. 90-1468.
 United States Court of Appeals, Federal Circuit.
 May 28, 1991.
 
 Before LOURIE, CLEVENGER and RADER, Circuit Judges.
 RADER, Circuit Judge.
 
 
 1
 Crown Laundry & Dry Cleaners, Inc. (Crown) appeals the Armed Services Board of Contract Appeals' (Board) grant of summary judgment for the Government. ASBCA No. 39982, May 21, 1990. This court affirms.
 
 
 2
 In May 1983, the Government awarded Crown a contract to provide laundry services for the Naval Regional Medical Center in Oakland, California. Contract N00140-83-D-5192. The contract required the Government to order at least $85,000 of services and estimated that the maximum quantity ordered would be $991,644. The contract stated that this workload estimate was not "to be construed as a guarantee by the Government as to work that will be processed under the contract." During the course of the contract, the Government purchased $654,984 worth of services--approximately 66% of the maximum contract estimate.
 
 
 3
 Crown contended that it entered a requirements contract on which the Government negligently estimated the workload. Thus, Crown sought an equitable adjustment. The contracting officer denied Crown's claim on October 27, 1989. Crown appealed to the Board. The Board upheld the contracting officer's decision.
 
 
 4
 This court reviews the Board's legal conclusions de novo. 41 U.S.C. Sec. 609(b) (1978); Afro-Lecon, Inc. v. United States, 820 F.2d 1198, 1200-01 (Fed.Cir.1987). As the Board correctly determined, Crown entered a contract for an indefinite quantity of laundry services. The contract contained a standard Indefinite Quantity clause (DAR 7-1102 3(b)). Moreover, the contract specifically provided that the Government need only purchase the specified minimum amount of laundry services.
 
 
 5
 Under an indefinite quantities contract, the Government had the obligation "to order a minimum value of ... services during the life of the contract while retaining the right to obtain additional such services from any source it chose." Maintenance Eng'rs v. United States, 749 F.2d 724, 726 (Fed.Cir.1984); see also, Mason v. United States, 615 F.2d 1343, 1346 n. 5 (Ct.Cl.1980). The Government promised to purchase only a minimum amount of services from Crown. Thus, the Government had the right to obtain other services, as needed, from other contractors.
 
 
 6
 Crown relied upon the Government's maximum workload estimates without legal basis. The contract stated that "[t]he quantity of supplies or services specified herein are estimates only and are not purchased hereby." Thus, the Board correctly declined to examine the reasonableness of estimates in an indefinite quantities contract.
 
 
 7
 In conclusion, this court discerns no error in the Board's decision. The language of the contract governs the parties' agreement.